On motion to strike bill of exceptions from the files, decided October 20, 1908. Argued on the merits December 14, 1909, decided January 11, 1910.

## DORNSIFE *v.* RALSTON.

[97 Pac. 713 ; 106 Pac. 13.]

APPEAL AND ERROR—BILL OF EXCEPTIONS—MOTION TO STRIKE.

1. Where a bill of exceptions was settled at the instance of the counsel for respondent, the latter could not take advantage of the fact that it did not comply with the law, and could not maintain a motion to strike the bill.

ASSAULT AND BATTERY—EVIDENCE—ADMISSIBILITY—MALICE.

2. In an action for assault and battery, evidence of a subsequent assault made on plaintiff by defendant's son, not a continuance or a part of the assault of defendant, and not committed when defendant was present, aiding or abetting, is inadmissible to prove malice.

PLEADING—DISTINCT CAUSES OF ACTION—SEPARATE STATEMENT.

3. A cause of action for assault and battery committed by one as agent of another is separate from a cause of action for a prior disconnected assault committed by the latter personally and a separate cause of action against the latter for the assault by the agent must be set forth in the complaint in the action against the latter for the assault personally committed by him, or an independent action must be commenced against the latter and his agent as joint tort-feasors for the assault committed by the agent.

TRIAL—OPENING STATEMENT—EVIDENCE TO REBUT.

4. In an action for assault and battery committed on a designated date, the opening statement of defendant's counsel relating to a subsequent assault committed by defendant's son on plaintiff, did not render evidence of the assault committed by the son admissible.

TRIAL—OBJECTIONS TO EVIDENCE—WAIVER.

5. A waiver of objections to evidence by withdrawing the objections after the evidence has been received must be so specific as to leave no doubt on the subject, and a mere statement by counsel objecting to

incompetent evidence, made after the evidence had been received, that he was willing to try the issue to which the evidence related, did not show a waiver of the objections.

APPFAL AND ERROR—ERRONEOUS ADMISSION OF EVIDENCE—CORRECTION BY INSTRUCTIONS.

6. In an action for assault and battery, the error in admitting evidence of a subsequent and independent assault committed by defendant's son, was not cured by a charge that plaintiff must recover on the allegations of the complaint, and could not recover on anything outside of that.

ASSAULT AND BATTERY—CIVIL LIABILITY—COMPLAINT.

7. In an action for assault and battery, it is permissible to plead the circumstances accompanying the act and that constitute a part of the occurrence, so as to show the purpose and extent of the injury.

ASSAULT AND BATTERY—CIVIL LIABILITY—COMPLAINT.

8. A complaint in an action for assault and battery, which alleges that plaintiff was in the lawful possession of real estate inclosed by a fence with a gate therein, that defendant maliciously fastened the gate, thereby imprisoning plaintiff and others visiting her; that it became necessary for plaintiff to remove the obstruction; that while she was doing so defendant assaulted her, etc.,—is not demurrable because alleging facts relating to real estate, as such facts are set forth by way of inducement leading up to the main charge.

From Multnomah: THOMAS O'DAY, Judge.

This is an action by Hattie Dornsife against L. O. Ralston to recover for injuries received from an assault and the necessary medical treatment resulting therefrom. From a judgment for plaintiff, defendant appeals. Motion to strike from the files a bill of exceptions.

OVERRULED.

*Mr. Samuel T. Richardson* and *Mr. Grant B. Dimick* for the motion.

*Mr. Joel M. Long, contra.*

1. OPINION PER CURIAM.   This is a motion to strike a bill of exceptions from the files. From the affidavit, submitted at the hearing, it appears that, within the time allowed by the court below, appellant tendered a proposed bill of exceptions, consisting of 53 pages, but respondent's counsel were not satisfied therewith, and when the matter came on for hearing before the trial judge, one of them moved to substitute, in lieu of the bill as prepared by appellant, a complete transcript of the stenographer's notes of the trial, amounting to 213 pages, which was

done accordingly, and such transcript was certified to by the trial judge as for a bill of exceptions. It was also stipulated at the time that the original bill, as thus settled should be sent up with the transcript in place of a certified copy thereof. Respondent now moves to strike the bill from the files, because it does not comply in form with the requirements of the statute and the decision of this Court; but, as it was settled in its present form at the instance of her counsel, she cannot be permitted to take advantage thereof.

The motion to strike out is overruled.

OVERRULED.

---

Decided January 11, 1910.

ON THE MERITS.

[106 Pac. 13.]

Statement by MR. CHIEF JUSTICE MOORE.

This is an appeal by the defendant, L. O. Ralston, from a judgment rendered in favor of the plaintiff, Hattie Dornsife, for the sum of $750.

The amended complaint on which the recovery is based states, in effect, that on July 5, 1907, and prior and subsequent thereto, the plaintiff was in the lawful possession, in the city of Portland, of a house and certain real property, which premises were inclosed by a fence having a gate therein; that on the day named the defendant unlawfully and maliciously fastened on such fence and across the gate a barbed wire, thereby imprisoning in the house the plaintiff and some friends who were then visiting her; that it became necessary for the plaintiff then to remove the obstruction to the passageway by the gate, and while she was doing so the defendant cursed, assaulted, beat and shoved her against the barbed wire, whereby she was cut and wounded and rendered sick and disabled, and in consequence thereof experienced and now suffers great pain and mental distress; that by reason of such wrongful

acts the plaintiff was compelled to, and did, employ a physician and was obliged to pay his reasonable charge of $50, and also paid the further sum of $10 for necessary medicines; that in consequence of the injuries so received the plaintiff has been damaged in the sum of $10,000, and has been obliged to pay the reasonable sum of $60 for medicines and medical treatment, wherefore she demands a judgment for $10,060.

A demurrer to the amended complaint, on the ground of a misjoinder, in that a cause of action for damage to property was improperly united with one for injury to the person of the plaintiff, and also for injury to the persons of her guests, was overruled, whereupon an answer was filed denying generally each allegation of the amended complaint and for a separate defense averring in substance that at all the times stated in the complaint the premises therein described were owned by Tyler Woodward, who gave the defendant permission to enter upon and fence the land; that, pursuant to such license, he built a fence around the house occupied by the plaintiff without her objection and on the lines suggested by her, which acts constitute the conduct so complained of as to the fence.

A reply put in issue the allegations of new matter in the answer, and the cause, being tried, resulted as hereinbefore stated.                          REVERSED.

For appellant there was a brief over the names of *Messrs. Long & Sweek,* with an oral argument by *Mr. Joel M. Long.*

For respondent there was a brief over the names of *Mr. Samuel T. Richardson, Mr. Grant B. Dimick,* and *Messrs. Matthews & Hansen,* with oral arguments by *Mr. Richardson, Mr. Dimick,* and *Mr. Q. L. Matthews.*

Opinion by MR. CHIEF JUSTICE MOORE.

2. The plaintiff as a witness in her own behalf, in detailing the injuries which she had sustained, as

Sig. 9

described in the amended complaint, testified that after July 5, 1907, she was nervous, could not sleep, was prostrated all the time, and worried. Upon being asked by her counsel, "What caused you to worry, if you know?" she replied, over objection and exception, "Well, it was this trouble. He was after me all the while, bothering me, and I just could not stand it." The defendant's counsel thereupon moved to strike out the answer so far as it related to events occurring after the alleged assault and battery. The motion was denied, the court saying: "I will let it stand subject to the charge I will give to the jury hereafter." The plaintiff further testified that after July 5, 1907, the defendant came every few days to her abode as if he were fixing the surrounding fence, that he called her vile names, and said she deserved the beating which she had received from his boy. Her counsel then asked her: "What boy did he refer to, if you know?" An objection having been overruled and an exception allowed, the witness, referring to the defendant, replied:

"His son."

Q. "What had his son done?"

A. "He had been down there and assaulted and pounded me."

The defendant's counsel then inquired: "Is that in this controversy here?" The court, answering, said: "In your opening you stated it to the jury." The defendant's counsel then remarked:

"I said that she stated it was trouble that the boy made that she was suing the old man for."

The court: "I can better deal with that, when I come to submit the case to the jury. I think the whole transaction should be allowed to go in at this time."

An exception to such remark having been taken, the direct examination of the plaintiff was resumed as follows:

"Q. Go ahead in your own language and state all about that, about this son and his treatment of you."

An objection to the inquiry on the ground that it was incompetent and immaterial having been overruled and an exception allowed, the witness replied:

"He was down there a good deal and he would—he did lots of insulting—he just—I could not hardly get outside, or go out of doors, but he would just keep after me and call me all kinds of names, and threaten me, too, and he was down there on two different occasions and threatened me."

Q. "After?"

A. "Yes, sir."

Q. "After this wire fence was put up or before?"

A. "It was after."

The defendant's counsel then moved to strike out the answer, but, the motion having been denied and an exception saved, the plaintiff was further asked by her counsel:

"Was this the same assault which Mr. Ralston, the defendant, informed you that—that he was glad of?"

Over objection, she, referring to the defendant, replied:

"He said when the boy pounded me: 'That is what you need.'"

The plaintiff, upon further testifying that in the year 1907 she caused the defendant's son to be arrested on a charge of assault and battery, but that on trial thereof he was acquitted, was asked by defendant's counsel:

"It is the same assault you have reference to in which he was tried and discharged down at the court after you had a trial?"

A. "Yes, sir; in September."

Q. "He was discharged, wasn't he?"

A. "Well, I——"

Plaintiff's counsel here interrupted the witness, directing her as follows: "Tell all about it now. Tell the jury all about it." Defendant's counsel thereupon said:

"I asked if he was discharged. You brought it out in the first place about the assault."

Plaintiff's counsel: "You brought it out in your opening statement."

Defendant's counsel: "I am perfectly willing to try that."

Plaintiff's counsel: "So are we."

The injury indicated in the amended complaint and for which damages are demanded is alleged to have been sustained on July 5, 1907. It appears from plaintiff's testimony, which was admitted over objection and exception, that after July 5, 1907, the defendant's son also assaulted and beat her, and that the defendant, referring thereto, told her she deserved the beating thus received.

The defendant's counsel, having stated the grounds of his objections when they were interposed, maintains that errors were committed in permitting the plaintiff to tell the jury what she asserted the defendant said to her in relation to the assault made upon her by his son, and in allowing her to detail the beating which the latter gave her, after she is alleged to have been injured by the father. It is argued by plaintiff's counsel, however, that it is reasonably to be inferred from the conduct of the defendant's son towards the plaintiff that such acts were prompted by the suggestions, or incited by the directions, of his father, who did not attempt in any manner to dispel the deduction, but corroborated it by declaring to her that she had received from his son the punishment which she merited; that the defendant, thus having knowledge of his son's acts, ratified them; and that the declarations so made to the plaintiff were admissible as tending to show the temper of the defendant toward her. The remarks attributed to the defendant after July 5, 1907, to the effect that he reviled the plaintiff and told her she deserved the beating she had received from his son, were probably admissible as tending to show his animus toward her, and thus affecting his credibility as a witness; but they were incompetent to prove malice at

the time of the alleged assault and battery committed by
the defendant upon the plaintiff. *Breitenbach* v. *Trow-
bridge,* 64 Mich. 393 (31 N. W. 402: 8 Am. St. Rep. 829).
The subsequent assault made by the son upon her, how-
ever, does not appear to have been a continuance or a
part of the original trespass by the defendant, nor is it
manifest that the latter was present, aiding or abetting
the injury inflicted by the son. The malice of the son
could not therefore be imputed to the defendant (*Wil-
liams* v. *Gaines,* 43 Tenn. 240), and if the evidence of the
defendant's declarations were offered for the latter pur-
pose they were inadmissible.

3. If this cause had been based on the assault and
battery asserted to have been committed by the son as
the agent of his father, and the damages resulting there-
from were undertaken to be recovered from the latter
severally—which form of action is maintainable (1 Cool.
Torts [3 ed.] 224—the question of the father's ratifica-
tion of the son's conduct might thus have become very
material, but that issue is not involved herein. It is pos-
sible that the son's assault may have been induced by the
father's direction, but if such were the case, before an
inference thereof could have been deduced, a separate
cause of action against the father should have been set
forth in the amended complaint, or, to render him liable
for the hurt, an independent action should have been
commenced against the father and the son as joint tort-
feasors to recover the damages sustained in consequence
of the subsequent injury, for in such case both would be
liable jointly because of their relation as principal and
agent. They were united in the same wrongful act result-
ing in the same injury. 1 Cool. Torts (3 ed.) 252.

4. The opening statement made by defendant's counsel
cannot render the testimony relating to the assault and
battery committed by the son upon the plaintiff after
July 5, 1907, admissible, for, if such a rule were to pre-

vail, it would necessarily follow that formal pleadings in a court of record could be obviated, a requirement which cannot be dispensed with.

5. It will be remembered that the defendant's counsel, referring to the conduct of the son towards the plaintiff, remarked, "I am perfectly willing to try that," to which plaintiff's counsel replied, "So are we." The observation of defendant's counsel last quoted was made after all the testimony so objected to had been received. As this testimony could have been admitted if no objection thereto had been interposed, so also all objections noted could have been withdrawn after the testimony had been received, but in the latter case the waiver ought to be so specific as to leave no doubt on the subject, and in our opinion the alleged renunciation is not so definite as to warrant that conclusion.

6. A careful examination of the bill of exceptions leads to the determination that the defendant was prejudiced by the admission of testimony relating to his son's conduct towards the plaintiff after July 5, 1907, and that an error was committed in this respect, for the court did not in its instructions, as indicated when the testimony so offered was received, attempt in any manner to limit its application, except to say to the jury: "The plaintiff must recover upon the allegations in her complaint, and cannot recover on anything outside of that." We do not think this part of the charge was sufficiently definite to correct the error to which reference has been made.

7. In view of the conclusion thus reached, it is deemed essential to consider another question which may subsequently arise. It is maintained by defendant's counsel that the amended complaint contains causes of action which could not be united, and that, having challenged the sufficiency of the pleading on that ground, an error was committed in overruling the demurrer. The facts relating to the real property were probably set forth by

way of inducement as an explanatory introduction, logically leading up to and elucidating the main allegation, relating to the unlawful attempt with force to inflict a bodily hurt upon the plaintiff without her consent. In actions for damages resulting from trespass it is allowable to plead all the circumstances accompanying the act and that constitute a part of the occurrence, so as to show the purpose and extent of the injury. *Bingham* v. *Lipman*, 40 Or. 363 (67 Pac. 98) ; *Summers* v. *Geer*, 50 Or. 249 (85 Pac. 513: 93 Pac. 133).

8. The amended complaint does not expressly nor by reasonable inference state that the real property of which the plaintiff was in possession had been damaged in any sum, or that her friends who were with her when the wire was strung sustained any injury in consequence of the defendant's acts, and, though such pleading is unnecessarily prolix and seems to have been framed in anticipation of a defense to the action, it could probably have been simplified if a motion to strike out the redundant matter had been interposed.

No error was committed in overruling the demurrer, but for the action of the court in admitting the testimony referred to, the judgment is reversed and a new trial ordered.                                          REVERSED.