## WAKEFIELD & CO. v. BELL
(No. 1664; Dec. 30, 1930; 294 Pac. 785)

For the appellant, there was a brief by *Lin I. Noble*, of Thermopolis, Wyoming.

For the respondent there was a brief by *C. W. Axtell*, of Thermopolis, Wyoming.

RINER, Justice.

This is an appeal from an order of the District Court of Hot Springs County overruling a motion to dissolve an attachment and to quash the writ under which certain property of appellant was seized.

It is contended that the court below erred in this ruling because the attachment affidavit is insufficient. That affidavit made by plaintiff's attorney, omitting the formal parts, is to the following effect:

"That the defendant is justly indebted to plaintiff in the full and just sum of *Five Hundred Dollars* that the *cause of action sued on arises on an express contract for the direct payment of money not exceeding in amount the sum of $500.00 and such contract is not secured by a mortgage or lien upon real or personal property or pledge of personal property* that plaintiff ought to recover of the defendant the above sum of money after allowing all just credits, counter claims or set-offs."

Section 6117, W. C. S. 1920, as amended by Chapter 23, Laws of 1923, provides, among other things, that: "In a civil action for the recovery of money the plaintiff may at or after the commencement thereof have an attachment against the property of the defendant upon the grounds herein stated: * * *

"When the cause of action sued on arises on a contract express or implied for the direct payment of money not exceeding in amount the sum of $500.00, and such contract is not secured by a mortgage or lien upon real or personal property, or pledge of personal property, or if originally so secured, such security has without any act of the plaintiff, or the person to whom the security was given, become inadequate to secure said contract."

Section 6118 of the same compilation directs that:

"An order of attachment shall be made by the clerk of the court in which the action is brought in any case mentioned in the preceding section, when there is filed in his office an affidavit of the plaintiff, his agent or attorney, showing:

"1.   The nature of the plaintiff's claim;

"2.   That it is just;

"3.   The amount which the affiant believes the plaintiff ought to recover; and

"4.   The existence of any one of the grounds for an attachment enumerated in the preceding section, or that the affiant has good reason to believe and does believe that some one or more of said grounds (stating what ones) exists."

It will be observed that the affidavit in question follows the words of the statutory requirements set forth in these sections, either exactly or so closely that it presents an equivalent of the language of the law.   Under such circumstances the affidavit is sufficient.   As long ago as Smith Drug Co. v. The Casper Drug Co., 5 Wyo. 510, 40 Pac. 979, 981, 42 Pac. 213, this court said:

"We think that the great weight of authority is in favor of sustaining the attachment where the grounds therefor are stated in the language of the statute or in equivalent terms."

That is still the law, and, as stated in 6 C. J. 110, § 164, upon the authority of an elaborate list of cases:

"Unless the statute requires the affidavit to be made by a specified formula no particular language is necessary, and as a rule it is sufficient in this respect if the affidavit either follows or substantially follows, by equivalent words, the language of the statute respecting the nature of the action, the requirements as to the statement of plaintiff's claim, the grounds upon which the attachment is sought, and the like."

Appellant cites no case that conflicts with this general rule, or that indicates that under a law such as is in force in this jurisdiction, an affidavit of the character under consideration is insufficient. As indicated above, we do not think it is.

It is claimed the attachment writ should have been quashed because a blank space therein was not filled out properly, by the clerk of court who issued the writ, with the proper amount of plaintiff's claim—the name of the defendant being inserted instead. But the recitals in the writ show clearly the amount of that claim which was to be satisfied by the seizure of property thereunder. Neither the sheriff of the county to whom the process was directed, nor any one else could have very well been misled in the matter, and, so far as appears in this record, was not. Appellant's contention in this respect cannot be sustained.

A motion made by respondent to dismiss this appeal was also submitted by the parties for consideration with the cause upon its merits. Having reached the conclusion that the order of the District Court appealed from must be affirmed, there is no need to discuss the question raised by the motion to dismiss. ·

*Affirmed.*

BLUME, C. J., and KIMBALL, J., concur.