ST. PATRICK JOHNSON, Appellant, *v.* HARRY LEE FONG, HARRY LEE, ROSE FONG, JOE LA DUE, ABE KROLOFF, BOB KROLOFF, KROLOFF BROTHERS, a Copartnership, LOUIS POISON SMITH, CLUB ALABAM, a Copartnership, CLUB ALABAM, a Corporation, DOE ONE, DOE TWO, DOE THREE, DOE FOUR, DOE FIVE, DOE & COMPANY, a Copartnership; and THE DOE COMPANY, a Corporation, WEST SIDE CLUB, a Copartnership; WEST SIDE CLUB, a Corporation, Respondents.

No. 3399

April 20, 1944. 147 P. (2d) 884.

*Morse & Graves,* of Las Vegas, for Appellant.

No appearance for Respondents.

## OPINION

By the Court, ORR, C. J.:

On May 15, 1943, the appellant commenced an action in the district court of Clark County, Nevada, asking damages of the defendants for an assault and battery

alleged to have been committed upon the person of appellant on April 30, 1943. On the same date an affidavit of attachment and undertaking on attachment were filed in the office of the county clerk of said county, and a writ of attachment issued. On said 15th day of May 1943 the said writ of attachment was executed by levying upon certain real and personal property belonging to the defendants. On May 18, 1943, one of the defendants, Joe La Due, filed a notice of motion, supported by his affidavit, giving notice of intention to move to discharge the said attachment. Pursuant to said notice of motion a hearing was had and a motion to dissolve the writ of attachment duly presented. The trial court at the time of the hearing of the said motion had before it for consideration the complaint, affidavit in support of the issuance of a writ of attachment, and the affidavit of Joe La Due heretofore referred to. On the 22d day of May 1943 the trial court entered its order discharging said attachment, and this appeal is from said order. Appellant filed an opening brief, but none has been filed on behalf of respondents.

In the determination of this appeal we have the following questions to consider:

(1) Does the complaint filed in the district court state facts sufficiently to constitute a cause of action against the defendants?; and (2) is the affidavit of appellant sufficient to warrant the issuance of the writ of attachment?

The complaint, insofar as is material here, reads as follows:

"III. That on the 30th day of April, 1943, defendants Harry Lee Fong, Harry Lee, Rose Fong, Joe La Due, Abe Kroloff, Bob Kroloff, Kroloff Brothers, a copartnership, Club Alabam, a copartnership, Club Alabam, a corporation, were the owners and operators of the business known as the West Side Club, situated at or about the northeast corner of Jackson and West Sixth Streets, in the City of Las Vegas, Clark County, State of Nevada, consisting of a gaming casino, wherein there

and then were conducted a crap game and other gaming games and devices, and that such casino and games were open to the general public, and that said defendant also operated on said premises, and in conjunction with said casino, a tavern for the sale of liquor and food to the public.

"IV. That on the 30th day of April, 1943, at about 9:30 o'clock P. M., of said day, at about directly in front of the said West Side Club, situated at or about the northeast corner of Jackson and West Sixth Streets, in the City of Las Vegas, Clark County, Nevada, the defendant Louis Poison Smith did make an unlawful, illegal, malicious, outrageous, wanton, violent, unwarranted and oppressive assault upon this plaintiff and did recklessly, wantonly, unlawfully, shamefully, oppressively, outrageously and maliciously beat, bruise and batter plaintiff in a cruel, inhuman, outrageous and shameful manner, while plaintiff was peacefully and lawfully going about his business.

"V. That said Louis Poison Smith, one of the defendants above named, was then and there the servant, agent and employee of said defendants, and each of them, and at the time of committing said acts of violence, acting in his capacity as guard and bouncer for said West Side Club, and the other defendants, herein, and that he was then and there acting under the express, implied or incidental instructions and representing said defendants, and each of them, and within the scope of his authority, within the course of his employment as such guard and bouncer, and during the hours of employment. That said defendant, Louis Poison Smith, is a strong and robust man, possessing great strength, and known to be a dangerous and fighting man, and which was known to the defendants, and each of them, and that the plaintiff was taken unawares by said violent attack and assault and battery, and unable to prevent the same or defend himself.

"VI. That the said unlawful, illegal, malicious, outrageous, wanton, violent, unwarranted and oppressive

assault upon this plaintiff, by defendant Louis Poison Smith, was incited, authorized, procured and encouraged by the other defendants herein.

"VII. That the said defendant, Louis Poison Smith, did grievously wound and injure plaintiff, and did strike, beat, bruise, and batter plaintiff with a pistol held in his hands, and with his hands, and did knock down and kick plaintiff, and did seriously injure the right eye of plaintiff to an extent that it became necessary to remove said eye, and did otherwise seriously injure and damage him and wilfully, unlawfully, wantonly, violently, oppressively and maliciously bruise, batter and mistreat him, causing plaintiff to suffer great bodily pain, injury and inconvenience, consisting of the following: The loss of his right eye, cuts and bruises on his head, cut over his left eye about four inches long, and numerous lacerations all over his body, so that plaintiff became totally incapacitsyed and was confined to a bed in a hospital and at his home for six days subsequent to said assault and battery, and that plaintiff's nervous system was thereby and therefrom shocked, shattered and impaired."

 In our opinion the allegations of paragraphs V and VI are sufficient to state a cause of action against the defendants. In an action of this character not only the actual assailant but also all others who aided, abetted, or encouraged the wrongdoer are liable with him to an injured party, whether they were present or not when the wrong was actually done. In the complaint it is alleged that respondent Smith was the agent of the other named defendants and at the time of making the alleged assault was acting within the scope of his authority and in the course of his employment. As a matter of law, the principal is liable for a tort which an agent commits in the course of his employment. This is so even though the principal be ignorant thereof. And a principal may be held liable to a third person where his agent, acting within the scope of his real or apparent authority, is guilty of an assault and battery. 2 Am.

Jur. p. 280, sec. 361, note 3; Ray v. Dyer, Tex. Civ. App., 20 S. W. 2d 328, at page 332; Loeb v. Kimmerle, 215 Cal. 143, 9 P. 2d 199, 203; Deevy v. Tassi, Cal. App., 122 P. 2d 942; Rand v Butte Electric R. Co., 40 Mont. 398, 107 P. 87, 88, at page 91; Dornsife v. Ralston, 55 Or. 254, 106 P. 13, at page 15; Schafer v. Ostmann, 148 Mo. App. 644, 129 S. W. 63; Shear v. Woodrick, 181 Wis. 30, 193 N. W. 968.

■ In this case the plaintiff is entitled to relief for the alleged injuries inflicted, from such defendants as he can show united or cooperated in doing him the wrong. More v. Finger, 128 Cal. 313, 60 P. 933. In Herron v. Hughes, 25 Cal. 555, 560, it is said:

"Where two or more are sued for a wrong done, it may be necessary to prove previous combination in order to secure a joint recovery, but it is never necessary to allege it, and if alleged it is not to be considered as of the gist of the action. That lies in the wrongful and damaging act done."

The above statement is quoted with approval in the cases of Bowman v. Wohlke, 166 Cal. 121, 135 P. 37, Ann. Cas. 1915B, 1011, and Loeb v. Kimmerle, 215 Cal. 143, 9 P. 2d 199, 203. See, also, 2 C. J. p. 849, sec. 534, note 22; 3 C. J. S., Agency, sec. 255, note 31.

In the case of Kroger Grocery & Baking Co. v. Flora, 237 Ky. 191, 35 S. W. 2d 275, a petition alleging no more than the complaint here was held sufficient.

The affidavit for attachment filed in the district court, in addition to certain formal parts, reads as follows:

"That the defendants are about to remove their property, beyond the jurisdiction of this court, with the intent to defraud their creditors.

"That the defendants are about to convert their property into money, with the intent to place it beyond the reach of their creditors.

"That the defendants are about to dispose of their property, or a part thereof, with the intent to defraud their creditors.

"That the defendants criminally incurred the obligation for which this suit has been commenced."

The notice of motion filed by the respondents for the discharge of the attachment sets forth the following grounds upon which they rely in support of the said motion:

"That the Complaint in said action is a Complaint for damages for assault; that there is no provision in the laws of the State of Nevada for the issuance of a Writ of Attachment based upon damages for assault as set forth in the Complaint on file herein; That the Affidavit of plaintiff in support of the issuance of the Writ of Attachment is insufficient to warrant the issuance of said writ of attachment and that the said Writ of Attachment was improperly issued;

"That there is an insufficient allegation in the Affidavit for Attachment that the defendants are about to remove their property, beyond the jurisdiction of this Court, with the intent to defraud their creditors;

"That there is an insufficient allegation in the Affidavit for Attachment that the defendants are about to dispose of their property, or a part thereof, with the intent to defraud their creditors;

"That there is an insufficient allegation in the Affidavit for Attachment that the defendants criminally incurred the obligation for which this suit has been commenced."

■ Attachment proceedings are purely statutory, and recourse to the statutes must be had in ascertaining the rights granted in this state. The procedure required in order to authorize issuance of a writ of attachment is outlined in sections 8703 and 8704 N. C. L. 1929.

■ The main ground alleged in the notice of motion for the dissolution of the attachment is that no provision exists in the laws of the State of Nevada for the issuance of a writ of attachment in an action based upon damages for an assault. We do not agree. Subdivision

9 of said section 8703 provides, as one of the grounds for the issuance of a writ of attachment, as follows:

"Where a defendant has fraudulently or criminally contracted a debt or incurred the obligation for which suit has been commenced."

This provision authorizes the issuance of a writ of attachment in a suit for damages for assault and battery. 7 C. J. S., Attachment, p. 228, sec. 58, notes 46, 47 and 48; Creasser v. Young, 31 Ohio St. 57; Kirk v. Whitaker, 22 Ohio St. 115; Sturdevant v. Tuttle, 22 Ohio St. 111.

It will be noted that the laws of the State of Ohio relative to the issuance of a writ of attachment where the debt has been criminally contracted is the same as that of Nevada, paragraph 10 of section 11819, General Code of Ohio, being identical with paragraph 9 of section 8703 of Nevada Compiled Laws.

This court has held that in a suit for damages for forcible rape the issuance of an attachment will lie under said subdivision 9. Kuehn v. Paroni, 20 Nev. 203, 19 P. 273 A plaintiff is entitled to a writ of attachment where the ingredient of crime is present without that of fraud. Montanari v. Haworth, 108 Ohio St. 8, 140 N. E. 319.

Here it appears that the plaintiff was injured as a result of a violation of the law and thus arose alleged liability of the defendants. It follows, from the allegations of the complaint, that the defendants criminally incurred the obligation.

■ No particular language is required to be employed in setting out grounds for issuance of a writ; it is sufficient if the allegations substantially follow the language of the statute. 7 C. J. S., Attachment, sec. 113, p. 278, note 56; Republic Truck Sales Corp. v. Peak, 194 Cal. 492, 229 P. 331; Wakefield & Co. v. Bell, 42 Wyo. 355, 294 P. 785. For instance, an allegation in the affidavit that a claim "is just" satisfies the requirements of section 8704 N. C. L. 1929, in that respect.

Millus v. Lowrey Bros., 63 Okl. 261, 164 P. 663, L. R. A. 1918B, 336.

█ An inspection of the allegations contained in the affidavit for attachment filed in this case at once convinces that they closely follow the language of the statute.

█ In the affidavit of defendant Joe La Due supporting the motion to dissolve the attachment, certain allegations appear to the effect that the said La Due was not connected with the business or premises involved in said action when the assault took place, and that he purchased the business and reopened the place on the 14th of May 1943 in partnership with Bob Kroloff. However, the issues cannot be tried on a motion to dissolve the attachment, and the affidavit of defendant La Due cannot be considered as a third party claim; the contents thereof is defensive matter which should be set up in the main action.

From what has been said it follows that the writ of attachment was properly issued in this case, and the order of the court dissolving it is reversed.