[No. 1280.]

E. KUEHN, RESPONDENT, *v.* P. PARONI, APPELLANT.

ATTACHMENT—DISSOLUTION—DISCLAIMER.—On a motion to dissolve, where plaintiff had levied two attachments, his counsel stated that plaintiff claimed nothing under the second writ. *Held,* that such statement was a confession of error, and the second writ should have been discharged.

IDEM—LIABILITY CRIMINALLY INCURRED—RAPE—STATUTE 1887, 55, CONSTRUED.—Under the provisions of the amended act allowing an attachment where the liability was criminally incurred, an attachment will lie where the cause of action arose out of a rape on plaintiff's daughter.

IDEM—DISSOLUTION OF ATTACHMENT—AFFIDAVIT ON MERITS.—Where an attachment is issued under a statute, allowing the writ where the liability was criminally incurred, an affidavit denying the averments of plaintiff's complaint constituting the cause of action will not support a motion to dissolve, as that would necessitate a decision on the merits.

IDEM—WHEN CAUSE OF ACTION AROSE—AMENDED STATUTE APPLICABLE.—The alleged rape occurred prior to the passage of the amended act authorizing attachment in cases where the liability was incurred: *Held,* that the rape was alleged as a matter of inducement; that the cause of action arose from expenses incurred, and services lost, in consequence of defendant's wrongful act; that these damages accrued, in part at least, after the adoption of the amended statute, and that for these reasons, as as well as others stated in the opinion, the amended statute is applicable to this case.

IDEM—NEW STATUTES—APPLICABILITY OF—PRACTICE.—New statutes, regulating procedure, do not always apply to pending cases; but are always applicable to new ones, unless expressly exempted, or where an existing right would be injured or prejudiced. The present action having been brought after the amendment became a law, it is a new case within the meaning of the rule.

APPEAL from the District Court of the State of Nevada, Eureka County.

A. L. FITZGERALD, District Judge.

The facts are stated in the opinion.

*Wren & Cheney,* for Appellant.

I.   The motion to dissolve the attachment should have been granted. Every material fact alleged in the affidavit for attachment was squarely denied by the affidavit in support of the motion, and no additional proofs were offered by the plaintiff.

This entitled defendant to have the attachment dissolved, because the burden was upon the plaintiff to sustain his attachment, and there was no preponderance in his favor. (*Talbot* v. *Pierce*, 14 B. Mon. 201; Wade Att., Sec. 281; *Genesee S. B.* v. *Mich. Barge Co.*, 52 Mich. 164.) The provision requiring the motion to be made before the time for answering expires, is directory only. If the statute be held mandatory, the defendant would be remediless, no matter how great the wrong that might be perpetrated upon him. A statutory provision capable of working such injustice should never be held mandatory. In many cases it would absolutely deprive a defendant of his day in court. (Sedg. Stat. and Const. Law, 316; Wade Att., Sec. 24.) In such a case time is not of the essence.

II. But if the statute be held mandatory in this particular, we claim that the word "improperly" means "irregularly" and nothing more. There is a vast difference between the irregular issuance of a writ in a proper case, and the regular issuance of a writ in an improper case. In the former the writ is voidable, in the latter it is utterly and incurably void. (Drake Att., Sec. 420; *Elliott* v. *Jackson*, 3 Wis. 571; *Griswold* v. *Sharpe*, 2 Cal. 24; *Miller* v. *Brinkerhoff*, 4 Den. 118; 47 Am. Dec. 242; Wade Att., Sec. 41; Waples Att. 76, 302, 419; *Irwin* v. *Con. Bank*, 3 La. Ann. 186; *Coward* v. *Dillinger*, 56 Md. 59; *Doggett* v. *Bell*, 32 Kan. 298.) The main ground of the motion was that the court had no jurisdiction to issue the writ in this action. Such an objection can be made at any time and in any manner.

III. The affidavit for attachment was wholly insufficient to give the court jurisdiction. It fails to show that the liability of the defendant, if any existed, was incurred either criminally or fraudulently. (Bish. Cr. L. 259, 766.)

IV. The statute does not apply to this case, as the cause of action accrued prior to the passage of the law. (*Williams* v. *Glasgow*, 1 Nev. 533.) Statutes are not to be held retroactive unless such an intent be clearly manifest, and no such intent can be gathered either from the language of the act or from a consideration of its general scope and purposes. (Sedg. Con. & Stat. L. 162 *et seq.*; *People* v. *Hays*, 4 Cal. 127; *Gates* v. *Salmon*, 28 Cal. 320; *Shuffleton* v. *Hill*, 62 Cal. 483; *Chew Heong* v. *United States*, 112 U. S. 559; *Goshen* v. *Stonington*, 4 Conn. 209; 10 Am. Dec. 136; *Bedford* v. *Shilling*, 4 Serg. & Raw. 401; 8 Am. Dec.

Opinion of the Court—Belknap, J.

718; *Garrett* v. *Doe ex. d. Wiggins*, 1 Scam. 335; 30 Am. Dec. 653; *Baugher* v. *Nelson*, 9 Gill. 299; 52 Am. Dec. 694.)

V. The second motion made was proper and should have been granted. The proof showed no case at all justifying an attachment. The evidence showed that the writ was void; and it mattered not when the motion was made. (Wade Att., Secs. 24, 72; Drake Att., Secs. 33, 86, 420; Hawes Jur. Courts, Sec. 245; Wap. Att. 419; *Goodyear R. Co.* v. *Knapp*, 61 Wis. 103; *Talbot* v. *Pierce*, 14 B. Mon. 195; *Saunders* v. *Cavett*, 38 Ala. 51; *Moody* v. *Levy*, 58 Tex. 532; *Delmas* v. *Morrison*, 61 Miss. 314; *Scrivener* v. *Dietz*, 68 Cal. 1.)

*Baker & Wines*, for Respondent.

We contend that the statute is mandatory.

Upon the determination of this question depends this appeal. (*Vaughn* v. *Dawes*, 7 Mon. 360; *Magee* v. *Fogerty*, 6 Mont. 237; *Corbett* v. *Bradley*, 7 Nev. 106; *Newell* v. *People*, 7 N. Y. 97; *Blackwood* v. *Jones*, 27 Wis. 498-500.)

The defendant by filing an answer before making an application to discharge the attachment waived the right to make such application during the pendency of the action. The language of the statute which provides for a change of venue, is the same as the language used in the statute in question. (Gen. Stat. 3043.) It has never been asserted that this statute was merely directory. The law in one case must also be the law in the other case. (*Reyes* v. *Sanford*, 5 Cal. 117; *Jones* v. *Frost*, 28 Cal. 246; *Parkes* v. *Freer*, 9 Cal. 642; *Clarke* v. *Lyon Co.*, 8 Nev. 181.)

By the Court, BELKNAP, J.:

This is an appeal from orders refusing to discharge attachments levied under two separate writs issued in the above entitled cause. At the hearing in the district court counsel for plaintiff objected to the consideration of the motion, upon the ground that it was made after the time for answering had expired and after an answer had in fact been filed, and added, as an additional reason, that the sheriff had been directed to discharge the second writ of attachment, "and that one of the parties garnished under the second writ had been notified that it had been discharged, but that the others had not," and that plaintiff claimed nothing under this writ.

We are not advised of the alleged defects of the writ further than appear in the notice of the motion, nor are they now a subject of consideration. The statement of counsel was equivalent to a confession of error, and upon this admission the attachment levied under the defective writ should have been discharged. It is no answer to this conclusion that the objection to the attachment was made after the answer was filed, because the admission involved the merits, and was a waiver of this defense. If we have attributed a more serious result to the statement of counsel than was intended, our conclusion must remain unchanged, for the following reason: At the time of the hearing of the motion some of the property of defendant had been levied upon, and was held under this writ. If nothing was claimed under it, the writ was at least superfluous, and defendant was entitled to have the attachment levied under it discharged. The preliminary objection to a consideration of the motion to discharge the attachments under each of the writs was based upon the following provision of the statute: "The defendant may also, at any time before the time for answering expires, apply, upon motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or to the judge thereof, for the discharge of the attachment, on the ground that the writ was improperly issued." (Gen. Stat. 3163.) The assignments of error affecting the proceedings under the other writ raise the question of the right to have a writ of attachment in this case, and for the purpose of determining the questions made we shall waive the consideration of the preliminary statutory objection.

1. The complaint charges a forcible violation of plaintiff's daughter, under circumstances amounting to rape, and alleges that by reason thereof, and injuries proceeding therefrom, plaintiff has been damnified, etc. Section 123 of the civil practice act, as amended, provides among other matters, that a writ of attachment may issue "where a defendant has fraudulently or criminally contracted the debt, or incurred the obligation for which suit has been commenced." (Stat. 1887, 55.) The liability was criminally incurred, because incurred in the perpetration of a crime, to wit, a rape, and a case is presented by the complaint in which the statute allows an attachment. But appellant's objection under this head goes to the merits of the case. An affidavit was filed in support of the motion,

denying the general facts constituting the cause of action set forth in the complaint.    A motion to dissolve, supported by this proof, was denied.    The cause was afterwards tried upon the issues raised by the pleadings, resulting in a disagreement of the jury.    Thereupon the motion to dissolve was renewed upon the testimony adduced at the trial.    The question thus presented could not properly be raised upon a motion to dissolve the attachment.    The rule is thus stated in *Hermann* v. *Amedee*, 30 La. Ann. 393: "On the rule to dissolve an attachment, the defendant in the suit may put at issue, and require to be passed on, all of the allegations of the plaintiff's affidavit, on which the writ of attachment itself legally rests; and when such allegations are thus put at issue, the plaintiff must prove them to be true.    On such a rule, however, no allegation of fact involving the merits of the case will be considered."    (See, also, *Olmstead* v. *Rivers*, 9 Neb. 234; *Branson* v. *Shinn*, 13 N. J. L. 250; *Miller* v. *Chandler*, 29 La. Ann. 88; Drake Att., Sec. 418.)

2.    The order is also attacked upon the ground that the amendment made in 1887 to the attachment law is inapplicable to the present case.    The objection proceeds upon the theory that the cause of action sued upon accrued prior to February 14, 1887, the date of the approval by the governor of the amendatory act; and in support of the position the principle of construction is invoked that new statutes apply to new cases.    A sufficient answer to this position, in the first place, is that the cause of action set forth in the complaint did not accrue on the 9th day of January, 1887, by reason of the criminal assault upon the plaintiff's daughter.    This is matter of inducement. The cause of action arose from expenses incurred and services lost in consequence of defendant's wrongful act, and these damages accrued, in part at least, after the amendment became a law.    In the second place, if the cause of action had accrued at the time the amendment became a law, the principle of construction referred to would not be violated by the application of the amended statute to the present case.    New statutes, regulating procedure, do not always apply to pending cases, but are always applicable to new ones, unless expressly exempted, or where an existing right would be injured or prejudiced.    The present action having been brought after the amendment became a law, it is a new case within the meaning of the rule.    And in the third place, if the amendment

were inapplicable in the present case, the right to proceed by attachment would be denied in all cases in which the cause of action had accrued at the time of its enactment. The reason for this conclusion is that the attachment laws of this state have always required the plaintiff, or some one in his behalf, to make a preliminary affidavit alleging the existence of certain facts in relation to the amount and nature of his claim, and the purpose of the attachment, in order to obtain the writ. Affidavits of this nature were required by the custom of London, and have generally been incorporated into the attachment laws established by the different states of the Union. (*Drake Att.*, Sec. 6, 84.) The adoption of the amendment operated as a repeal of this portion of the original law; yet the legislature, by prescribing a different affidavit in the amendatory law, manifested its intention to preserve this feature. Since the writ cannot issue unless the statutory affidavit be filed, a plaintiff, whose cause of action accrued prior to the adoption of the amendment, could not have the writ, because there would be no statutory affidavit available to him, the affidavit under the original law being repealed, and that contained in the amendatory law being inapplicable. Proceedings by attachment have been authorized by our laws ever since the organization of the state. It would be unreasonable in the legislature to surprise creditors, and disappoint their well-founded expectations by suddenly depriving them of the remedy in all cases where the cause of action had accrued, and at the same time enlarging the remedy in all cases thereafter to accrue. It is enough to say that no such result was contemplated. It is ordered that the orders of the district court refusing to discharge attachments levied under the writ issued October 19, 1887, be affirmed, and that the orders refusing to discharge attachments, levied under the writ issued November 25, 1887, be reversed, and the district court be directed to discharge said last-mentioned attachments. It is further ordered that the costs be taxed equally against the parties.