HERMAN M. GREENSPUN AND BARBARA J. GREEN-
SPUN, HIS WIFE, PETITIONERS, *v.* THE EIGHTH
JUDICIAL DISTRICT COURT OF THE STATE OF
NEVADA, IN AND FOR THE COUNTY OF CLARK,
THE HONORABLE JOSEPH O. McDANIEL, JUDGE
THEREOF, AND SUMMA CORPORATION, A DELA-
WARE CORPORATION, RESPONDENTS.

No. 8103

March 28, 1975                    533 P.2d 482

*Breen, Young, Whitehead & Hoy,* Reno; *Ralph Denton* and
*Brian Greenspun,* Las Vegas, for Petitioners.

*Lionel Sawyer Collins & Wartman,* Las Vegas; *Cromer,
Barker & Michaelson,* Las Vegas; and *Vaughan, Hull, Marfisi,
Giocoechea & Miller,* Elko, for Respondents.

# OPINION

By the Court, GUNDERSON, C. J.:

In these original proceedings, the Greenspuns assert the respondent court and judge have precluded them from discovery rights established by the Nevada Rules of Civil Procedure.[1] Alleging lack of another plain, speedy and adequate remedy, NRS 34.170, the Greenspuns seek mandamus, the extraordinary writ granted "to compel the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; or to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which he is unlawfully precluded by such inferior tribunal, corporation, board or person." NRS 34.160; cf. Holloway v. Barrett, 87 Nev. 385, 487 P.2d 501 (1971); Dzack v. Marshall, 80 Nev. 345, 393 P.2d 610 (1964). Deeming mandamus unwarranted, at least at present, we dismiss the Greenspuns' petition without prejudice to further proceedings in the respondent court.

In January, 1972, the Greenspuns filed an action for slander of title in the Eighth Judicial District Court, against Summa Corporation and others. Summa answered and counterclaimed against the Greenspuns. By agreement of the parties, the Honorable Joseph O. McDaniel, of the Fourth Judicial District, became presiding judge for the matter. From the outset, the Greenspuns sought to take an oral deposition from Howard R. Hughes as Summa's managing agent. See: NRCP 30. However, Judge McDaniel has not as yet permitted this, but instead has ordered that the Greenspuns may attempt to elicit desired information from Hughes through a deposition on written interrogatories. See: NRCP 31. On November 15, 1974, Judge McDaniel entered an "Order for Taking Deposition of Howard R. Hughes as Managing Agent of Summa

---

[1]The Nevada Rules of Civil Procedure (NRCP) are patterned after and in large part follow the Federal Rules of Civil Procedure.

Corporation on Written Interrogatories and Denying Motion for Sanctions," providing in material part:

"IT IS FURTHER ORDERED that the deposition of Howard R. Hughes, as managing agent for the Defendant Summa in connection with the transactions involved in this litigation, be taken by Written Interrogatories."[2]

The controversy now before us concerns this order, and subsequent events.

For reasons we could but conjecture, the Greenspuns' counsel have not yet undertaken to depose Hughes on written interrogatories, as Judge McDaniel authorized.[3] Instead, on January 29, 1975, the Greenspuns' counsel served written

---

[2]Additionally, Judge McDaniel's order of November 15 set the action for trial without a jury to commence March 3, 1975, at 10:00 a.m.

[3]"RULE 31.  DEPOSITIONS UPON WRITTEN QUESTIONS

"(a) Serving Questions; Notice.  After commencement of the action, any party may take the testimony of any person, including a party, by deposition upon written questions. The attendance of witnesses may be compelled by the use of subpoena as provided in Rule 45. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes.

"(1) A party desiring to take a deposition upon written questions shall serve them upon every other party with a notice stating (1) the name and address of the person who is to answer them, if known, and if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs, and (2) the name or descriptive title and address of the officer before whom the deposition is to be taken. A deposition upon written questions may be taken of a public or private corporation or a partnership or association or governmental agency in accordance with the provisions of Rule 30(b)(6).

"(2) Within 30 days after the notice and written questions are served, a party may serve cross questions upon all other parties. Within 10 days after being served with cross questions, a party may serve redirect questions upon all other parties. Within 10 days after being served with redirect questions, a party may serve recross questions upon all other parties. The court may for cause shown enlarge or shorten the time.

"(b) Officer to Take Responses and Prepare Record.  A copy of the notice and copies of all questions served shall be delivered by the party taking the deposition to the officer designated in the notice, who shall proceed promptly, in the manner provided by Rule 30(c), (e) and (f), to take the testimony of the witness in response to the questions and to prepare, certify, and file or mail the deposition, attaching thereto the copy of the notice and the questions received by him.

"(c) Notice of Filing.  When the deposition is filed the party taking it shall promptly give notice thereof to all other parties."

interrogatories upon Summa's counsel, apparently invoking the discovery process established by NRCP 33.[4] On February 28, the last permissible day under NRCP 33(a), Summa filed objections to interrogatories signed by counsel, and answers signed not by Hughes but by Howard M. Jaffe, Summa's Secretary.

Since the Greenspuns' counsel were served by mail, they apparently still had not seen copies of Summa's answers on March 3 when trial was scheduled to begin. Dispute then arose concerning sufficiency of the answers and how they

---

[4]"RULE 33   INTERROGATORIES TO PARTIES

"(a) Availability; Procedures for Use.   Any party may serve upon any other party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by any officer or agent, who shall furnish such information as is available to the party. Interrogatories may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party.

"Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. The answers are to be signed by the person making them, and the objections signed by the attorney making them. The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories, except that a defendant may serve answers or objections within 45 days after service of the summons and complaint upon that defendant. The court may allow a shorter or longer time. The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory.

"(b) Scope; Use at Trial.   Interrogatories may relate to any matters which can be inquired into under Rule 26(b), and the answers may be used to the extent permitted by the rules of evidence.

"An interrogatory otherwise proper is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time.

"(c) Option to Produce Business Records.   Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, or from a compilation, abstract or summary based thereon, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries."

should be executed. In our view, detailed exposition of the dispute's chronology is unnecessary; the Greenspuns may well share responsibility for its occurrence, and possibly were improvident in accepting a trial date with discovery yet incomplete; still, we see nothing sufficient to justify foreclosing an area of inquiry heretofore determined appropriate. We reject any such contention, and adopt other grounds for dismissing the Greenspuns' petition, which asks us to compel the respondent court and judge "to (1) order Howard R. Hughes to personally appear for his deposition, (2) to Compel Judge McDaniel to order Howard R. Hughes to sign his Answers to Interrogatories in the presence of a person appointed by plaintiffs, or (3) to compel Howard R. Hughes to provide Answers to Interrogatories in the form as required by Nevada law."

1.    In his order, Judge McDaniel determined Hughes to be Summa's managing agent. (While Summa's counsel suggest this was error, we deem such contention insubstantial.) Judge McDaniel also determined Hughes, as Summa's managing agent, had personal knowledge of and involvement in events bearing directly upon ultimate issues in the action before him. In these circumstances, Judge McDaniel apparently recognized that the Greenspuns are entitled to discover from Summa, through its agent Hughes, both evidence and information "reasonably calculated to lead to the discovery of admissible evidence." NRCP 26(b)(1). Moreover, in requiring the Greenspuns to depose Hughes through written interrogatories, Judge McDaniel preserved intact the Greenspuns' right to seek an oral deposition later, if dissatisfied with information thus obtained.[5] Therefore, Judge McDaniel's November 15 order favored the Greenspuns and precluded them nothing, although language therein suggests Summa may be entitled to some consideration because of Hughes' reclusive lifestyle.

We agree with the Greenspuns that mere personal idiosyncrasies of one litigant, or of the litigant's managing agent, would be no justification whatever to deny another litigant full and fair discovery.[6] We would naturally be concerned if, solely

---

[5] Said order expressly recited: "If, upon receiving the Answers, it appears that the witness' answers are evasive or incomplete, upon a proper Motion the Court would consider the necessity of an Order for oral examination."

[6] "You must know that all subjects, without distinction of degrees, owe to the king tribute and service, not only of their deed and hand, but of their knowledge and discovery. If there be anything that imports the

because of a witness's predilection for privacy, a judge permitted only a deposition on written interrogatories even though it came to appear an oral deposition might better elicit the truth.

However, that is not the state of the record, and we will not assume that Judge McDaniel will finally preclude an oral deposition, if it appears one could have value after the Greenspuns have diligently employed the avenue of discovery Judge McDaniel initially afforded. We cannot preempt Judge McDaniel's function by mandamus, and decide before the question is ever presented to him, that an oral deposition should necessarily be ordered forthwith in light of events and Summa's performance subsequent to the order of November 15.

Moreover, while perhaps personal idiosyncracies short of incapacitating mental illness have little bearing on whether it is "oppressive" to require oral testimony about voluntary business activities, still we think a judge may take a witness's foibles or peculiarities into account in establishing a deposition setting free from "annoyance."[7] Not only does equal

king's service, they ought themselves undemanded to impart it; much more, if they be called and examined, whether it be of their own fact or of another's, they ought to make direct answer." Sir Francis Bacon, in the *Countess of Shrewsbury's Trial*, 2 How. St. Tr. 769, 778 (1612).

"For more than three centuries it has now been recognized as a fundamental maxim that the public (in the words sanctioned by Lord Hardwicke) has a right to every man's evidence." 8 Wigmore, Evidence (McNaughton rev. 1961) § 2192.

[7]NRCP 26 contains the following provision concerning protective orders:

"(c) Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that the discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place; (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery; (4) that certain matters not be inquired into, or that the scope of the discovery be limited to certain matters; (5) that discovery be conducted with no one present except persons designated by the court; (6) that a deposition after being sealed be opened only by order of the court; (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents

justice require that the defending party's convenience be considered, but presumably the search for truth will be advanced rather than injured, if a deposition environment compatible with the witness's concentration and comfort is structured. Thus, assuming an oral deposition ultimately should be ordered so that Hughes' written responses may be probed more searchingly, only on a clear showing of abuse would we consider reviewing Judge McDaniel's determination of "the terms and conditions, including a designation of the time or place," NRCP 26(c)(2), and of the persons permitted to be present, NRCP 26(c)(5). Judge McDaniel should be allowed to consider these matters in the first instance, if and when a proper occasion to do so arrives.

2. On Summa's motion, Judge McDaniel ordered that Hughes' oath regarding his answers to the Greenspuns' interrogatories might be accepted by certain aides or employees. The Greenspuns contend such aides or employees are disqualified to accept an oath concerning interrogatories under NRCP 33, just as they would be to administer an oath and take a deposition under NRCP 30 or 31. We need not decide whether this is so.

If the Greenspuns desire Hughes to answer questions under an oath administered according to NRCP 28, they have a speedy remedy to achieve this. Judge McDaniel has already authorized a deposition upon written interrogatories; hence, if the Greenspuns' counsel would but proceed under NRCP 31, then NRCP 28(c) would clearly be applicable.[8]

As Summa's counsel correctly urges, extraordinary remedies "are reserved for really extraordinary causes." Ex Parte Fahey, 332 U.S. 258, 260 (1947). We find no such occasion for

or information enclosed in sealed envelopes to be opened as directed by the court.

"If the motion for a protective order is denied in whole or in part, the court may, on such terms and conditions as are just, order that any party or person provide or permit discovery. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion."

[8]NRCP 28, which governs the persons before whom depositions may be taken, provides in most material part:

"(c) Disqualification for interest. No deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a relative or employee of such attorney or counsel, or is financially interested in the action."

intervention here.[9] Accordingly, the Greenspuns' petition is dismissed without prejudice; the stay order hereinbefore entered is dissolved; the district court may in orderly and deliberate fashion resolve remaining issues and problems concerning discovery, and thereupon resume trial.

BATJER, ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

---

[9]When issuing our alternative writ, we anticipated a potentially extraordinary central issue which the record simply does not now present, concerning a telecopied facsimile of Hughes' signature.