THOMAS RAY STICKLER, RUAN LEASING COMPANY AND LANIER BRUGH, INC., APPELLANTS, *v.* JO ANN QUILICI, INDIVIDUALLY AND AS MOTHER AND NEXT FRIEND OF BETTY JO QUILICI, A MINOR, RESPONDENTS.

No. 13820

December 29, 1982                    655 P.2d 527

*Fahrenkopf, Mortimer, Sourwine, Mousel & Sloane,* Reno, for Appellants.

*Echeverria and Osborne,* and *Nicholas F. Frey,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This appeal results from a judgment awarding $17,215.54 to respondents for prejudgment interest on a jury verdict for personal injuries. On December 25, 1978, respondents, Jo Ann Quilici and her daughter, Betty Jo Quilici, suffered extensive injuries in an automobile accident. The only issues submitted to the jury concerned the amount of damages. During the settling of jury instructions respondents asked for and received a damage instruction that expressly included, as elements, future wage loss, future medical expenses and future pain and suffering. Appellants requested a special verdict and related instructions which would require that the jury distinguish between past and future damages. Respondents objected and the district court refused without explanation to give the special instruction. On September 30, 1981, the jury returned a general verdict for the respondents for the combined sum of $118,106.74, of which $102,888.09 was for Jo Ann Quilici and $15,218.65 was for Betty Jo Quilici. The jury verdict was general and did not indicate what portion of the total verdict was for past damages.

Following the jury verdict, the trial court issued its judgment

which included prejudgment interest on the entire verdict amount, notwithstanding the fact that NRS 17.130[1] disallows prejudgment interest for any amount representing future damages. Since it is impossible to determine what portion of the total verdict was for past damages, the amount of the award for which prejudgment interest can be properly awarded is not ascertainable. It was therefore error for the trial court to award prejudgment interest on the entire amount of the jury verdict.

The plaintiffs bear the burden of proving every essential fact necessary to establish their cause of action. Since the amount of past damages in this case is not ascertainable, the plaintiffs, respondents herein, cannot be said to have sustained their burden of proof in a manner which will support an award of interest based on past damages. Unless the amount of past damages is established in some manner, it is not proper for a prejudgment interest award to be made.

Reversed.

MANOUKIAN, SPRINGER, MOWBRAY, and STEFFEN, JJ., and ZENOFF, SR. J.,[2] concur.

─────────

[1]At the time applicable to this case NRS 17.130 provided in pertinent part:

> 17.130  Computation of amounts of judgments; interest.
>
> . . . .
>
> 2.  When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest at the rate of 8 percent per annum from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest at that rate only from the time of the entry of the judgment until satisfied.

NRS 17.130 was amended by the Nevada Legislature in 1981 to increase the rate of interest which the judgment draws to 12 percent.

[2]The Chief Justice assigned SENIOR JUSTICE DAVID ZENOFF to participate in the decision of this matter, in the place and stead of the Chief Justice, pursuant to the Nevada Constitution, art. 6, § 19(1)(a) and 19(1)(c) and SCR 10.