FARMERS HOME MUTUAL INSURANCE COMPANY, APPELLANT, v. JOHN FISCUS, JR., AND BEVERLY L. FISCUS, RESPONDENTS.

No. 16831

September 4, 1986            725 P.2d 234

*Fadgen, Lovell, Bilbray & Potter* and *David Schieck,* Las Vegas, for Appellant.

*Rogers, Moore, Mahoney, & Cook,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

Appellant Farmers Home Mutual Insurance Company (Farmers) denied the claim of respondents, John Fiscus, Jr. and Beverly L. Fiscus (Fiscuses), for damages to personal property which was covered by their homeowner's insurance policy. The Fiscuses filed an action against Farmers, seeking recovery for breach of contract and for unfair settlement practices. The district court found in the Fiscuses' favor on their causes of action for breach of contract and for breach of the implied covenant of good faith and fair dealing. The district court after a bench trial awarded damages for breach of contract and for mental distress.

The court also gave an award for attorney's fees, costs and prejudgment interest. This appeal followed.

On August 9, 1981, the Fiscuses returned from a three-week vacation to find their Boulder City home flooded with water flowing from disconnected water supply pipes connecting to the roof-mounted swamp cooler and from under the kitchen sink. Carpets, draperies, furniture, appliances, clothing and personal property throughout the house were damaged in the amount of $21,160.00.

In early February, 1982, the Fiscuses reported their loss to Farmers and filed a claim on their insurance policy. Shortly after the filing of the claim Farmers' claims adjuster and a contractor/ estimator, also employed by Farmers, briefly interviewed the Fiscuses. They inspected the water-damaged home and photographed the damage. On February 23, 1982, Farmers denied the claim. Farmers' basis for denial was that the policy did not provide coverage for seepage of water which had occurred over a prolonged period of time. On October 12, 1982, the Fiscuses commenced a civil action against Farmers, which had persisted in denying the personal property claim on this same basis.

### Farmers' Contract Liability Under the Policy

Farmers contends that the district court's findings of contract liability under the policy were unsupported by evidence presented at trial. The district court found that the Fiscuses' substantial personal property loss was covered by the homeowner's policy to the policy limit of $18,500.00.

Farmers' refusal to pay the personal property water damage claim was based entirely on one provision in Coverage A and B, the real property provision of the policy, which provides:

### SECTION I—PERILS INSURED AGAINST

| | |
|---|---|
| *Coverage A*<br>*Dwelling* | We insure for *all risks of physical loss* to the property described in Coverage A and B *except:* |
| and | . . . . |
| Coverage B<br>Other<br>Structures | *6. Continuous or repeated seepage or leakage of water or steam over a period of time from within a plumbing, heating or air conditioning system or from within a household appliance.* |

The Fiscuses contended that Farmers was liable for injury to their personal property under Coverage C of the policy and that there was no exclusion in the personal property section of the policy for continuous or repeated seepage of water.

Coverage C provides:

| | |
|---|---|
| *Coverage C* | We insure for *direct loss* to the property |
| *Personal* | described in Coverage C caused by: |
| *Property* | . . . . |

*13. Accidental discharge or overflow of water or steam from within a plumbing, heating or air conditioning system or from within a household appliance.*

We agree with the district court that coverage existed for personal property under Coverage C, section thirteen. Further, we agree that Farmers wrongfully denied coverage under a policy exemption that was clearly inapplicable to this claim. This unjustified denial persisted from the inception of the Fiscuses' claim through the present appeal.

### Farmers' Breach of Implied Covenant of Good Faith

The district court also decided that Farmers was liable for breach of the implied covenant of good faith and fair dealing by the manner in which Farmers denied Fiscuses' claim without reasonable basis and by reason of the insurance company's unprofessional claims investigative procedures. There is sufficient evidence on the record for this court to conclude on appeal that the district court did not err in finding that Farmers committed a breach of its implied duty of good faith and fair dealing. *See* United States Fidelity v. Peterson, 91 Nev. 617, 540 P.2d 1070 (1975).

### Mental and Emotional Distress Damages

Farmers contends that the district court erred in the award of mental distress damages of $5,000.00 to John Fiscus and of $15,000.00 to Beverly Fiscus. Farmers maintains that Mr. Fiscus' testimony alone, without support of medical testimony, medical records, prescriptions or independent witnesses, was insufficient evidence to prove mental distress. Further, Farmers contends that, even if there were a proper finding of mental distress, there was no evidence that it was caused by Farmers.

The district court heard unrebutted testimony from Mr. Fiscus that a majority of his family's personal possessions had been destroyed, that his home had been uninhabitable since August 9, 1981, that because of Farmers' actions he lacked the money to repair the home, and that as a result the home had been condemned. He testified that his wife had suffered from a total emotional breakdown shortly after the visit from Farmers' claims adjuster. In reviewing the record, we conclude that the district court could have reasonably concluded that the Fiscuses suffered

compensable anxiety, worry, mental and emotional distress from the date of Farmers' February, 1982, denial of the claim until the date of judgment in August of 1985. Compensatory damages were properly awarded against Farmers for this injury.

## Prejudgment Interest

NRS 17.130(2)[1] allows prejudgment interest except in the case of future damages. Farmers' point here is that in the district court's award of $20,000.00 to the Fiscuses for anxiety, worry, mental and emotional distress the court did not specify whether the award was for past or future damages. Therefore, it is argued, no interest can be awarded. Farmers cites Stickler v. Quilici, 98 Nev. 595, 655 P.2d 527 (1982), for the proposition that where it is impossible to determine what portion of a verdict was allocated for past damages, then the entire prejudgment interest award is unascertainable, and grounds exist for reversible error.

*Stickler* is distinguishable from the present case. In *Stickler* the amount of past damages was not ascertainable. Here, evidence was presented before the district court of the Fiscuses' mental and emotional distress from the date of the water damage until the date of trial. There is nothing in the record to suggest that future damages were included in the award; whereas in *Stickler,* the defendants had requested a special verdict and related instructions which would require a jury to distinguish between past and future damages. The damages in *Stickler* were the result of extensive injuries from an automobile accident. When the trial court refused such instructions and the jury returned a general verdict for the plaintiffs, this court held that prejudgment interest on the entire amount was impermissible.

Prejudgment interest in this case constitutes compensation for use by Farmers of money to which the Fiscuses were entitled from the time of the cause of action until the time of judgment. There was no testimony regarding future mental distress nor lack of clarity in the record to indicate the trial court improperly awarded prejudgment interest for future mental distress damage. Farmers' argument on this point is without merit.

## Attorney's Fees

The district court awarded attorney's fees of $5,000.00 pursu-

---

[1]NRS 17.130(2) provides:

2. When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest at the rate of 12 percent per annum from the time of service of the summons and complaint until satisfied, except for any amount representing future damages, which draws interest at that rate only from the time of the entry of the judgment until satisfied.

ant to newly amended section (2)(b) (July 1, 1985),[2] NRS 18.010. It reasoned that a finding of bad faith against the insurance company was at least tantamount to finding that Farmers' defense was maintained without reasonable ground.[3]

Farmers argues that their defense was brought two and one-half years prior to the effective date of the amendment and that attorney's fees represent a substantive right. Farmers cites the general rule that an amendment cannot be construed as to act upon parties' already existing rights and liabilities unless the legislature has provided for such construction in express terms, citing Halloway v. Barrett, 87 Nev. 385, 487 P.2d 501 (1971).

Halloway does not lend support to Farmers' argument. Contrary to Farmers' contentions, this court in Halloway ruled that the trial court's order did not constitute retroactive application of a statute, but rather, that the deficiency judgment in question arose after the effective date of the statute. The statute in question in Halloway did not, therefore, impair preexisting obligations or constitutional rights since the foreclosure on the property occurred after the effective date of the statute.

In Kuehn v. Paroni, 20 Nev. 203, 19 Pac. 273 (1888), this court sanctioned the award of costs which arose out of a wrong committed before the change in an amending statute. In Kuehn, an amended statute authorized attachment in an action for damages arising out of the perpetration of the crime of rape, even though the rape in question had occurred prior to the effective date of the statute. The court reasoned: "The cause of action [for damages] arose from expenses incurred and services lost in consequences of defendant's wrongful act, and these damages occurred, in part at least, after the amendment became a law."

In the case now before us Farmers' bad faith refusal to pay a legitimate claim persisted from a time prior to the enactment of the statute in question, after enactment and to the present time. The Fiscuses have continued to incur legal expenses after the time of enactment of the amendment. We follow the settled rule

---

[2]NRS 18.010(2)(b) provides:

2. In addition to the cases where an allowance is authorized by specific statute, the court may make an allowance of attorney's fees to a prevailing party:

. . . .

(b) Without regard to the recovery sought, when the court finds that the claim, counterclaim, cross-claim or third-party complaint or defense of the opposing party was brought without reasonable ground or to harrass the prevailing party.

[3]Farmers disagrees, submitting there were numerous reasonable grounds for defending the suit. In view of the district court's findings of bad faith, it is unnecessary for us to address this issue.

that recoverable litigation costs are subject to change by the legislature and are governed by the law in effect at the time of judgment. American Bank and Trust Co. v. Community Hosp., 204 Cal.Rptr. 671, 683 P.2d 670, (Cal. 1984); Coast Bank v. Holmes, 97 Cal.Rptr. 30 (Cal.App. 1971); Songer v. State Farm Fire & Cas. Co., 414 N.E.2d 768 (Ill.App. 1980). The district court did not err in awarding attorney's fees under NRS 18.010(2)(b).

Because it appears to this court that Farmers continued in bad faith denial of the respondents' claim by bringing this appeal, under NRAP 38, we award $5,000.00 to help defray attorney fees for which respondents have contracted in the instant appeal.[4]

The judgment of the district court is affirmed.

---

[4]On July 30, 1986, respondents filed a motion with this court requesting punitive damages and attorney's fees pursuant to NRAP 38. Farmers opposed the motion. This opinion encompasses disposition of that motion.