NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROL SIERZEGA, | No. 14-15979 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01267-JCM-NJK |
| v. | |
| COUNTRY PREFERRED INSURANCE CO., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 10, 2016**
San Francisco, California

Before: McKEOWN and FRIEDLAND, Circuit Judges and LEFKOW,*** Senior
District Judge.

Carol Sierzega appeals the district court's entry of summary judgment in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan H. Lefkow, Senior District Judge for the U.S.
District Court for the Northern District of Illinois, sitting by designation.

favor of Country Preferred Insurance Company on Sierzega's claims of breach of the implied covenant of good faith and fair dealing, violation of the Nevada Unfair Claims Practices Act, and breach of contract.[1] We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review a district court's grant of summary judgment de novo. *Prison Legal News v. Lehman*, 397 F.3d 692, 698 (9th Cir. 2005). "We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.*

Sierzega contends that the district court erred in granting summary judgment on her claim for breach of the implied covenant of good faith and fair dealing because there are genuine issues of material fact as to whether Country Preferred in bad faith failed to investigate her underinsured motorist claim. She contends that Country Preferred failed in its obligation to independently obtain the policy limits of the underinsured motorist, Shirleen Okelberry, and to procure Sierzega's

---

[1] Sierzega does not raise any issues on appeal as to the district court's rulings on her negligence claim or her motions for partial summary judgment. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

medical records from the providers rather than from Sierzega, resulting in a delay of three years in paying her claim.

To show bad faith, Sierzega must establish that Country Preferred "act[ed] unreasonably and with knowledge that there [was] no reasonable basis for its conduct." *Guar. Nat'l Ins. v. Potter*, 912 P.2d 267, 272 (Nev. 1996) (citing *Am. Excess Ins. v. MGM Grand Hotels, Inc.*, 729 P.2d 1352, 1354–55 (Nev. 1986) (per curiam)); *see also Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 384 (Nev. 1993) (per curiam). Tactics such as an unreasonable failure to investigate and unreasonable delay can give rise to an inference of bad faith. *See, e.g.*, *Farmers Home Mut. Ins. v. Fiscus*, 725 P.2d 234, 235–36 (Nev. 1986); *Guar. Nat'l*, 912 P.2d at 272.

To establish that Country Preferred failed to reasonably investigate her underinsured motorist claim, Sierzega must demonstrate fault on the part of the underinsured motorist and the extent of the resulting damages. *Pemberton*, 858 P.2d at 384. There is no evidence that Country Preferred had reason to believe that Sierzega's accident was an underinsured event at the time Sierzega's counsel inquired about underinsured motorist coverage in September 2009. Upon receiving

3

notice of the claim, Country Preferred requested additional information,[2] but it took Sierzega's counsel more than five months to respond, with a demand letter. Once counsel sent the demand letter making clear that Sierzega was making an underinsured claim, Country Preferred promptly requested that Sierzega provide Okelberry's policy limits and her medical records.[3] Country Preferred also sent requests for records to Sierzega's medical providers and notified Sierzega that some of the providers had not responded. Despite these efforts, Country Preferred still was not in possession of medical bills that established expenses greater than Okelberry's policy limit at the time the judgment was entered in Sierzega's civil case against Okelberry.

The delay in obtaining Okelberry's policy limit information was a result of Allstate's initial refusal to release the information, and there is no evidence that Sierzega was unable to obtain her own medical records from the non-responding providers and provide them to Country Preferred. Once Country Preferred obtained

---

[2] As is typical, the policy required the insured to "cooperate with [the insurer] in the investigation."

[3] Shortly after this initial correspondence, Country Preferred reiterated its request, saying that Okelberry's insurer, Allstate Insurance Company, was not required to disclose the policy limit to Country Preferred but was required to disclose it to Sierzega.

sufficient information about the policy limits and established that Sierzega's medical bills exceeded Okelberry's policy limit, Country Preferred paid Sierzega's full claim. As a result, no reasonable jury, viewing the evidence in a light most favorable to Sierzega, would infer that Country Preferred was "act[ing] unreasonably and with knowledge that there [was] no reasonable basis for its conduct." *Guar. Nat'l*, 912 P.2d at 272.

Similar to the implied covenant of good faith and fair dealing, the Nevada Unfair Claims Practices Act entitles an insured to damages if an insurer commits an unfair settlement practice. *See* Nev. Rev. Stat. § 686A.310(1). Sierzega relies on portions of the Act that generally condemn failing to act reasonably promptly on claims, failing to promptly and fairly settle claims when insurer liability has become reasonably clear, and compelling insureds to file suit to recover amounts due under a policy by offering substantially less than amounts requested and ultimately recovered by the insured. *See id.* § 686A.310(1)(b), (e), (f). For the reasons expressed above, Sierzega lacks evidence indicating that Country Preferred violated any of these provisions.

Sierzega also maintains that Country Preferred's delay in paying her claim constituted a breach of contract. The district court correctly found that Sierzega did

5

not identify any term of the contract that was breached. An insured cannot maintain a breach of contract claim for a delay in payment absent a provision in the policy requiring payment within a particular time frame. *See Thompson v. Progressive Ins.*, No. 57657, 2013 WL 210597, at *1 (Nev. Jan. 17, 2013).

**AFFIRMED.**